# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **KARLA M. ALMANZA**<br>*Plaintiff,* | §§§§§§§ |
| **v.** | § |
| | §  **CAUSE NO.:** 7:22-cv-89 |
| **ROYAL PACIFIC FUNDING CORP.,**<br>*Defendant.* | §§§§§§§§ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a), Defendant ROYAL PACIFIC FUNDING CORP. removes this action from the 244TH Judicial District Court of ECTOR County, Texas to the United States District Court for the Western District of Texas, MIDLAND/ODESSA Division, and as grounds for its removal respectfully shows the Court as follows:

### I.     STATE COURT ACTION

1. On 4/01/2022 Plaintiff KARLA M. ALMANZA ("ALMANZA" or "Plaintiff") filed its Original Petition and Application for Temporary Restraining Order ("Original Petition") in the 244TH Judicial District Court of ECTOR County, Texas under Cause No. C-22-04-0311-CV.

2. In the Original Petition, Plaintiff asserts claims against Defendant ROYAL PACIFIC FUNDING CORP ("ROYAL" or "Defendant") stemming from foreclosure

proceedings of a mortgage encumbering the real property located at 2804 Bonham Ave, ODESSA TX 79762 (the "Property"). Plaintiff brings claims for breach of contract and also seeks Injunctive Relief preventing foreclosure of the Property and for attorneys' fees.

## II. TIMELINESS OF REMOVAL

3. This suit was filed on 4/01/2022 and Defendant ROYAL received a copy of the Petition on 4/01/2022. This Notice of Removal is filed within 30 days of the date of the service of the Original Petition and is therefore timely.

## III. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within the district and division.[1]

5. The United States District Court for the Western District of Texas, MIDLAND/ODESSA Division, is the federal judicial district and division embracing the 244TH Judicial District Court of ECTOR County, Texas, where this action was originally filed.[2]

6. The United States District Court for the Western District of Texas, MIDLAND/ODESSA Division has original jurisdiction over this action based on diversity jurisdiction because Defendant PHL is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[3]

7. Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is accompanied by copies of the following materials:

---

[1] See 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).
[2] See 28 U.S.C. § 124(d).
[3] 28 U.S.C. §§ 1331 and 1332(a).

| Exhibit | Document |
|---------|----------|
| A | Civil Cover Sheet and Supplemental Cover Sheet; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet; |
| D | ECTOR County Central Appraisal District Residential Account Detail Report for the Subject Property. |

8.   Simultaneously with the filing of this Notice of Removal, Defendant ROYAL is filing a copy of the Notice of Removal in the 244TH Judicial District Court, ECTOR County, Texas pursuant to 28 U.S.C. § 1446(d)

9.   Defendant ROYAL removes the State Court Action to this Court on the basis of diversity jurisdiction.

## IV.   DIVERSITY JURISDICTION

10.   This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

### A.   COMPLETE DIVERSITY EXISTS

11.   The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12.   Plaintiff KARLA M. ALMANZA is in an individual residing in ECTOR COUNTY, TEXAS[4]. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence

---

[4] Pl's. Pet. ¶ "PARTIES"

with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (*citing Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

13. Defendant ROYAL PACIFIC FUNDING CORP. is a California Corporation with its principal place of business in Costa Mesa, California. A Corporation is a citizen of the state where it is was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus SERVIS ONE is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.

14. Because Plaintiff ALMANZA is a citizen of Texas and Defendant ROYAL is not a citizen of Texas, complete diversity exists between the parties.[5]

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

15. Where a Defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.[6] A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.[7]

16. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[8] Specifically, the

---

[5]  28 U.S.C. § 1332(c)(1).
[6]  *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).
[7]  *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at 2 (S.D. Tex. Aug. 27, 2009).
[8]  *Farkas v. GMAC Mortgage, LLC,* 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).

Farkas Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[9]  Thus, when a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[10]

17.   Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[11]

18.   Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. This is because Plaintiff seeks relief from the conducting of an allegedly wrongful foreclosure sale of the Property[12], and as a result, the entire value of the Property is squarely at issue.[13]  According to the ECTOR Central Appraisal District, the 2021 market value of the Property is $589,850.00 and the appraised value of the Property is $231,249.[14]

---

[9]   *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).

[10]  *Nationstar Mortgage LLC v. Knox*, No. 08- 60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (*quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg.*, L.L.C., et al., --- Fed. Appx. ----, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

[11]  *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

[12]  Pl's. Pet. ¶ "PRAYER".

[13]  *Bardwell v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48).

[14]  Exhibit D.

19. Additionally, Plaintiff seeks actual damages and attorney fees.[15] Although Defendant FAY will vehemently deny that Plaintiff is entitled to any declaratory relief, actual damages, or attorney fees, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff in this matter exceeds $75,000, exclusive of interest and costs.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## V.   CONCLUSION

WHEREFORE, Defendant ROYAL PACIFIC FUNDING CORP. removes this action from the 244TH Judicial District Court of ECTOR County, Texas to the United States District Court for the Western District of Texas, MIDLAND/ODESSA Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT ROYAL PACIFIC FUNDING CORP.*

---

[15] Pl's. Pet. ¶ "PRAYER".

**CERTIFICATE OF SERVICE**

      This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on April 13, 2022 to:

THOMAS C. BARRON
**LAW OFFICE OS THOMAS C. BARRON**
PO BOX 141323
DALLAS, TX  75214
P: 214.855.6631
F: 214.855.66333
tbarron@barronlawfirm.com
*COUNSEL FOR PLAINTIFF*
*KARLA M. ALMANZA*

                                                  */s/ Travis H. Gray*
                                                  Travis H. Gray