IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| KARLA A. ALMANZA,<br>　　　　*Plaintiff*, | §<br>§<br>§ |
| v. | § |
| | §　　MO:22-CV-00089-DC-RCG |
| ROYAL PACIFIC FUNDING CORP.,<br>　　　　*Defendant*. | §<br>§<br>§ |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant Royal Pacific Funding Corp.'s ("Defendant") Motion for Judgment on the Pleadings. (Doc. 11). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of relevant case law, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings be **GRANTED**. (Doc. 11).

### I.　BACKGROUND

On April 1, 2022, Plaintiff Karla A. Almanza brought suit against Defendant in the 244th District Court of Ector County, Texas. Plaintiff's Complaint stems from the attempted foreclosure of property located in Odessa, Texas and pleads three causes of action: two breach of contract claims and one claim for negligent misrepresentation. (Doc. 1-3 at 8–9). Also on April 1, 2022 the state Court granted Plaintiff's Motion for Temporary Restraining Order, thereby "restrain[ing] without notice to the Defendant, their attorneys, agents, and assigns and anyone acting in concert with them, from selling the property located at 2804 Bonham Ave., Odessa, Texas 79762 until further order from the Court." (Doc. 1-3 at 14). Then, on April 13, 2022, Defendant removed the case to this Court and filed its First Original Answer. (Doc. 1). Defendant subsequently filed an Amended Answer. (Doc. 8).

1

Then, on April 18, 2022, Defendant filed the instant Motion for Judgment on the Pleadings, seeking dismissal of Plaintiff's entire Complaint under Federal Rule of Civil Procedure 12(c). (Doc. 11). Plaintiff filed her Response on May 11, 2022. (Doc. 15). Defendant did not file a Reply. Accordingly, this matter is now fully briefed and ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC v. Dock Co. LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter Co.*, 313 F.3d 305, 312 (5th Cir. 2002). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes*, 624 F.3d at 210 (quoting *Twombly,* 550 U.S. at 555). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555–56. However, a plaintiff must do more than recite the formulaic elements of a cause of action. *See id*. at 556–57.

## III. DISCUSSION

As stated previously, Defendant argues that Plaintiff's claims for (1) Breach of Contract under the Texas Property Code; (2) Breach of Contract under HUD Regulations; and (3)

2

Negligent Misrepresentation should be dismissed. (Doc. 11). The Court will address each of the claims below.

A.  *Breach of Contract under Texas Law*

Under Texas law, the elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. 2001)). Here, Defendant argues dismissal is appropriate because of Plaintiff's failure to assert a factual basis to support a violation of the Texas Property Code and because the only section cited by Plaintiff, § 51.002, cannot support a private right of action. (Doc. 11 at 6).[1]

In her Response, Plaintiff does states that "Plaintiff does allege that certain notices that are required by the Deed of Trust and Chapter 51 of the Texas Property Code to foreclose were not sent. However, Defendant addresses the claim as if it is only made as a claim under Chapter 51, which it is not." (Doc. 15 at 3). However, this appears to be Plaintiff's only cogent argument against granting Defendant's Motion. Because in the very next paragraph of her Response Plaintiff states that "Plaintiff's claim for violation of the Texas Property Code fails and should be dismissed with prejudice." *Id*. Thus, it appears to the Court that Plaintiff agrees with Defendant that her claim for breach of contract under the Texas Property Code fails and should be dismissed. *Id*.

Further, even if Plaintiff had not agreed that her claim should be dismissed, her claim for breach of contract is still properly dismissed, as it does not meet Rule 12(c) muster. As

---

[1] The Court does not address Defendant's arguments regarding wrongful foreclosure, because Plaintiff specifically states that she is not bringing a claim for wrongful foreclosure under the Texas Property Code. (Doc. 15 at 3).

3

Defendant points out in its Motion, Plaintiff does not plead or identify what specific provisions of the contract she alleges Defendant breached, nor does Plaintiff plead that she has tendered performance under the contract. *See Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) (Dismissing plaintiff's breach of contract claim in part because, "[e]ven assuming plaintiffs sufficiently pleaded the existence of a valid contract, plaintiffs do not allege they performed or tendered performance under the contract. In other words, plaintiffs failed to allege they were current on their payments under the Deed of Trust.") (citing *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11–CV–3014–D, 2012 WL 2399369, at *10 (N.D. Tex. Jun. 26, 2012)); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011). The [plaintiffs'] pleadings failed to identify which provision of the deed of trust Wells Fargo allegedly breached. Moreover, if, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper.") (citing *Marsh*, 888 F. Supp. 2d at 815). Both of these *prima facie* elements are absent from Plaintiff's Complaint.

Therefore, based on the foregoing discussion, the Court **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings be **GRANTED** as to Plaintiff's first breach of contract claim. (Doc. 11 at 6–11).

B.  *Breach of Contract under HUD Regulations*

In her Response, Plaintiff states that she "hereby withdraws the breach of contract claim based upon Defendant's failure to comply with HUD regulations." (Doc. 15 at 3). Therefore, in consideration of Plaintiff's withdrawal of this claim, the Court **RECOMMENDS** that

Defendant's Motion for Judgment on the Pleadings be **GRANTED** as to Plaintiff's second breach of contract claim. (Doc. 11 at 10).

C.  *Negligent Misrepresentation*

Under Texas law, the elements for negligent misrepresentation are: (1) "the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest"; (2) "the defendant supplies 'false information' for the guidance of others in their business"; (3) "the defendant did not exercise reasonable care or competence in obtaining or communicating the information"; and (4) "the plaintiff suffers pecuniary loss by justifiably relying on the representation." *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir.1996)).

Defendant argues Plaintiff's negligent misrepresentation claim should be dismissed because it is bare bones and supported only by the statement that Defendant "made misrepresentations in communicating to Plaintiff the options of loss mitigation." (Doc. 11 at 13). Defendant further asserts that "negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties," and thus "any complaints by Plaintiffs about Defendant's failure to delay foreclosure relate to the parties' contractual relationship under the terms of the Note and Deed of Trust, and cannot, as a matter of law, form the basis of a negligent misrepresentation claim." *Id*. at 14. In Response, Plaintiff argues Defendant's Motion "does not identify a specific misrepresentation or the context thereof and as such simply states any misrepresentation made in the context of mortgage lending cannot be brought as a matter of law." (Doc. 15 at 4).

Texas law is clear—a claim for negligent misrepresentation requires an injury that is independent from a plaintiff's asserted injury from a breach of contract claim. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663 (Tex. 1998). "[T]here must be an independent injury, other than a breach of contract, to support a negligent misrepresentation finding." *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.) (citing *D.S.A., Inc.*, 973 S.W.2d at 663. As Defendant argues, here based upon the Court's review of Plaintiff's Complaint, it appears Plaintiff does not plead an independent injury—rather the injury is the same as Plaintiff's injury from her breach of contract claims—that Defendant is attempting to foreclose on Plaintiff's property. Further, Plaintiff fails to identify what sort of false information or misrepresentation Defendant made other than that Defendant "made misrepresentations in communicating to Plaintiff the options of loss mitigation." (Doc. 1-3 at 9). This leaves the Court unable to ascertain if Plaintiff's claim is based on a misrepresentation of "existing fact" or not, which is required to sustain a claim for negligent misrepresentation. As such Plaintiff fails to assert a claim for which relief can be granted. The Court **RECOMMENDS** Plaintiff's claim for negligent misrepresentation be **DISMISSED**.

## IV.   RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings be **GRANTED**. (Doc. 11).

SIGNED this 18th day of July, 2022.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).